

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:18-MJ-504 |
| | ) | |
| LAKSHMEN SINGH CHAUHAN, | ) | Hon. Ivan D. Davis |
| | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Daniel M. Kerwin, being duly sworn, depose and state as follows:

1.     I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since February 19, 2008.   I successfully completed the Federal Law Enforcement Training Center's basic Criminal Investigator Training Program and the ATF Special Agent Basic Training program in 2008.  As a Special Agent with ATF, I am authorized pursuant to Title 18 U.S.C. Section 3051 to execute search warrants and enforce any of the criminal, seizure, or forfeiture provisions of the laws of the United States.  Additionally, I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

2.     From August of 2008 through February of 2014, I was assigned to the Baltimore Field Division's High Intensity Drug Trafficking Area (HIDTA) Group and Violent Crime Impact Team (VCIT) Group where my assignments involved conducting criminal investigations into cases of illegal possession / transfer of firearms, firearms trafficking, violent crimes involving firearms,

and narcotics trafficking. From February of 2014 through February of 2017, I was assigned to the Washington (DC) Field Division's Falls Church firearms enforcement group and was tasked with targeted enforcement concerning firearms, narcotics, and tobacco trafficking within the Northern Virginia area. Since February of 2018, I have been assigned to the Washington Field Division's HIDTA group in the District of Columbia and am tasked with firearms enforcement and violent crime reduction, pursuant to ATF's overall mission.

3.      Prior to joining ATF, I served as a State Trooper with the Virginia State Police from January of 2003 through February of 2008 and patrolled Division VII which encompasses the Northern Virginia area. I also served as a member of the Warrant / Firearms Transactions Unit and had various special assignments which included Criminal Justice Instructor, Emergency Vehicle Operations Course Instructor, Field Training Officer and Executive Protection Advance Team member. During this time, in addition to my routine patrol duties, I initiated and participated in criminal investigations involving the apprehension of individuals engaged in unlawful narcotics possession and distribution, unlawful firearms possession and acquisition, fugitive apprehensions, and the fraudulent use of and counterfeiting of government documents.

4.      Based upon my training and experience, I know that pursuant to Title 18, United States Code (USC), Section 922(g)(1): It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Additionally, based upon my training and experience, I know that pursuant to Title 18, USC, Section 924(a)(2), whoever knowingly violates subsection (g) of section 922 shall be fined

and / or imprisoned not more than 10 years.

5.     This affidavit is submitted in support of an application for a criminal complaint and arrest warrant charging that on or about June 25, 2018, within the Eastern District of Virginia, Lakshmen CHAUHAN (CHAUHAN) possessed a "firearm" as defined in Title 18, USC Section 921(a)(3), that was transported in and / or affected interstate commerce following a conviction for a crime punishable by a term of imprisonment exceeding one year.

6.     The information contained in this affidavit is based upon my personal observations and investigation, as well as on reports and statements of participating agents, detectives, and officers.   This affidavit contains information necessary to support probable cause for this application.  It is not intended to contain all information known by me or the government.

PROBABLE CAUSE

7.     On June 25, 2018, at approximately 11:36 p.m., members of the Fairfax County Police Department (FCPD) were conducting a proactive criminal patrol in the parking lot of the Brookside Motel, located at 6001 Richmond Highway, Alexandria (Fairfax County), Virginia. During this time, FCPD members detected the odor of marijuana emitting from a 2004 Nissan Maxima bearing South Carolina registration PDD713 parked in the parking lot.  Upon their approach of the vehicle, FCPD members found it to be occupied by three individuals later identified as Samir Al-aldin Legesse, Arleen Mayers and Lakshmen CHAUHAN.  In speaking with the occupants, CHAUHAN stated that he had returned to Virginia from South Carolina to take care of a warrant in Arlington County, Virginia and that the warrant for a "probation violation" was still active.  CHAUHAN asked why the police had stopped him and admitted to previously using marijuana in the vehicle, which explained the odor emitting from the vehicle.

8.     After FCPD members confirmed the warrant's active status through the NCIC

3

system, CHAUHAN was placed in handcuffs and seated on the curb. CHAUHAN stated that he was staying in room 39 (which was located directly in front of the parked vehicle) and denied that there was anything unlawful in the room. FCPD members then asked to search CHAUHAN's motel room, and he stated that there should not be a problem if the police looked in the room and that the room was in his name. The FCPD members again confirmed with CHAUHAN that there was nothing unlawful in the room and that the room was in CHAUHAN's name. FCPD members then asked CHAUHAN for consent to search the room. Upon this request, CHAUHAN asked to stand up and volunteered the following statement: "Everything that's in the room, I'm going to take responsibility for. In the room, I have a Glock that I got from Smyrna Georgia and I have a little bit of marijuana that I had the odor from. And the room was in my name." CHAUHAN was asked if he legally possessed the firearm, to which he responded negatively admitting that he was a convicted felon. CHAUHAN then stated that the Glock was on one of the tables, loaded without a round in the chamber. CHAUHAN then gave consent for the officers to enter the motel room and retrieve the aforementioned items.

9.     FCPD members thereafter entered the motel room and searched for the firearm and marijuana per CHAUHAN's volunteered statements and consent. FCPD members located the Glock firearm referred to by CHAUHAN in a bag on top of the dresser. The firearm was found in the condition CHAUHAN described to the officers (loaded, but not chambered). A card bearing CHAUHAN's name was also located in the bag. CHAUHAN was then transported to the FCPD station for processing under a state level firearms offense and the outstanding probation violation arrest warrant. The evidence recovered was placed in the custody of the FCPD under case number 2018-1770003. The majority of the above interaction was captured on body worn cameras by FCPD members and preserved for this investigation.

10.    Your affiant queried the NCIC system regarding CHAUHAN's criminal history. The search revealed that CHAUHAN has the following felony convictions, all of which occurred prior to the events in this case:

- Drugs: Manufacture/Distribute, Arlington County Circuit Court, 07/11/2008

- Extort: In Writing, Arlington County Circuit Court, 08/01/2014

- Drugs: Possess Schedule I or II, Arlington County Circuit Court, 08/29/2014

Based upon this information, your affiant responded to the Arlington County Circuit Court Clerk's Office and obtained certified copies of the aforementioned convictions.

11.    Your affiant has previously been certified by the federal District Courts for the District of Maryland, the District of Columbia and the Eastern District of Virginia as an expert witness in the area of firearms identification and firearms interstate nexus.  Your affiant has reviewed a description of the aforementioned firearm – a Glock, Model 19, 9mm semi-automatic pistol and believes that based upon the description provided, this item is a firearm within the definition of Title 18, United States Code, Section 921(a)(3).  Furthermore, as this make and model of firearm has never been manufactured in the Commonwealth of Virginia, it would have affected and/or been transported in interstate and/or foreign commerce prior to its recovery in the Commonwealth of Virginia on June 25, 2018.

5

12.     Based on the foregoing facts, I believe there is probable cause to conclude that, on or about June 25, 2018, within the Eastern District of Virginia, in violation of Title 18, USC, Section 922(g)(1), CHAUHAN knowingly possessed a "firearm" as defined in Title 18, USC Section 921(a)(3) that was transported in and / or affected interstate commerce following a conviction for a crime punishable by a term of imprisonment exceeding one year.


Special Agent Daniel M. Kerwin
Bureau of Alcohol, Tobacco, Firearms and Explosives



Subscribed and sworn to before me
this ___29th___ day of October, 2018, at Alexandria, Virginia.



_____ /s/_____
Ivan D. Davis
United States Magistrate Judge